# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| **J & J SPORTS PRODUCTIONS, INC.,** <br><br> Plaintiff, <br><br> vs. <br><br> **OVERTIME SPORTS BAR AND GRILL, INC. AND ISSAC L. CEASER,** <br><br> Defendants. | Case No. 4:14-cv-00125-RSB-CLR |

## ORDER GRANTING PLAINTIFF'S MOTION
## TO REVIVE THE DORMANT JUDGMENT

This Court has reviewed and considered Plaintiff J & J Sports Productions, Inc.'s Motion to Revive the Dorman Judgment, (doc. 18), and Memorandum of Law, (doc. 18-1), in support thereof.

In matters of aiding execution of judgments, the Federal Rules of Civil Procedure defer to the laws of the state in which the Federal District Court sits. Fed. R. Civ. P. 69(a); *McCarthy v. Johnson*, 35 F. Supp. 2d at 847 (holding that pursuant to Rule 69(a), revival of a judgment is relief available to a judgment holder that he or she may pursue by complying with state law), *aff'd*, 172 F.3d 63 (10th Cir. 1999). Under Georgia law, a judgment may become "dormant" or temporarily unenforceable after seven years elapse from its initial entry on the general execution docket. O.C.G.A. § 9-12-60. Once dormant, the holder has three years to renew or revive the judgment "by an action or by scire facias." O.C.G.A. § 9-12-61. In this current action seven years have passed since judgment was issued against Defendant Issac L. Ceaser, and J & J

Sports is currently within the three-year time period from which it can revive the judgment through an action with the Court.

While the writ of scire facias was abolished by the Fed. R. Civ. Pro. 81(b), "relief previously available through [it] may be obtained by appropriate action or motion." Georgia recognizes that scire facias is simply a "continuation of the action in which the judgment was obtained." O.C.G.A. § 9-12-62. Thus, this court should be the one to allow for the original judgment to be revived. *See generally* Popham v. Jordan, 278 Ga. App. 254, 255 (1) (628 S.E.2d 660) (2006) (scire facias must issue from the court of the county in which the original judgment was obtained).

Given that Plaintiff's motion is simply a continuation of the original action, Defendant Issac L. Ceaser has been properly served pursuant to Fed. R. Civ. Pro. 5, as his counsel has been served electronically with the Motion and a copy has also been mailed directly to him. Prior court cases have also found that this method of revival satisfies Georgia's statutory requirements. *See In re Bailey*, 90 F.4th 1158 (11th Cir. 2024); *Blue Lake Recovery Co. v. Pugliese,* No. 1:10-cv-469-AT, Doc. No. 49 (N.D. Ga. Oct. 13, 2020); *J & J Sports Productions, Inc. v. Los Ranchos Latinos, Inc*., No. 1:10-cv-2809-SCJ, Doc. No. 38 (N.D. Ga. Nov. 6, 2020).

It is hereby ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion, (doc. 18), be **GRANTED** and the judgment against Defendant Issac L. Ceaser be revived and enforceable.

**SO ORDERED**, this 30th day of May, 2025.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA